NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DANA MOSS,                               :
                                         :
            Plaintiff,                   :   Civil No. 06-605 (AET)
                                         :
      v.                                 :   MEMORANDUM & ORDER
                                         :
MICHAEL M. PAPPALARDO,                   :
                                         :
            Defendant.                   :

THOMPSON, U.S.D.J.

   Plaintiff seeks to file a Complaint in forma pauperis and without prepayment of fees pursuant to 28 U.S.C. § 1915(a). Based on Plaintiff's affidavit of poverty, the Court finds that Plaintiff qualifies to proceed in forma pauperis. In addition, the Court notes that in connection with an in forma pauperis application, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

   In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the Plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court "accept[s] as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d

902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

In addition, a pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

In her Complaint, Plaintiff appears to allege a civil RICO claim.  A plaintiff may pursue a private civil RICO action if his or her complaint alleges: (1) that a "person" within the scope of the RICO statute, (2) has utilized a "pattern of racketeering activity" or the proceeds thereof, (3) to infiltrate an interstate enterprise, (4) by investing the income from the pattern of racketeering in the enterprise, acquiring or maintaining an interest in the enterprise through the pattern of racketeering, conducting the affairs of the enterprise through the pattern of racketeering activity, or by conspiring to do the above, and (5) that the plaintiff was injured in his or her business or property by reason of the above elements.  See 18 U.S.C. §§ 1962, 1964.  The Court finds that Plaintiff does not have a viable RICO claim under the facts alleged, and will dismiss this claim under 28 U.S.C. § 1915(e)(2)(B).

Plaintiff also makes a possible tort claim based on harassment by the Defendant.  Even under the liberal treatment given to pro se complaints, this claim is not sufficiently supported by

the facts alleged in the Complaint.  As the Court finds that there is no arguable basis for this claim in fact, the claim will be dismissed as frivolous.

For the foregoing reasons, and for good cause shown,

IT IS on this 5th day of April, 2006,

ORDERED that Plaintiff's application to proceed in forma pauperis is GRANTED; and it is further

ORDERED that Plaintiff's RICO claim is DISMISSED for failure to state a claim upon which relief would be granted; and it is further

ORDERED that Plaintiff's tort claim is DISMISSED as frivolous; and it is further

ORDERED that this case is CLOSED.

                                                  s/ Anne E. Thompson
                                                  ANNE E. THOMPSON, U.S.D.J.